**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| PAULA C. RUBINO | : | NO. 23-10534 AMC |

**315 ARCH STREET CONDOMINIUM ASSOCIATION'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)**

**COMES NOW,** 315 Arch Street Condominium Association (the "Association"), by and through its attorneys, Gawthrop Greenwood, PC, and moves this Honorable Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d), and in support thereof, states as follows:

1. The Association is a condominium association organized and existing under and pursuant to that certain Declaration of Condominium, dated March 25, 2006, of record in Philadelphia County, Pennsylvania, and pursuant to the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §3101 *et seq.* (the "UCA"), which administers the residential condominium known as 315 Arch Street Condominium (the "Condominium"). The relevant provisions of the Declaration are attached hereto and incorporated herein as Exhibit "A."

2. The Debtor, Paula C. Rubino (the "Debtor"), is an adult individual who resides and receives mail at 315 Arch Street, Apt. 306, Philadelphia, Pennsylvania 19106 (the "Unit").

3. The Unit is located within the Condominium.

4. As a consequence, the Unit and the Debtor are subject to the provisions of the Declaration, as well as the Association's Bylaws, Rules and Regulations, and the provisions of the UCA.

5. The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101, *et seq*. (the "Code"), on February 24, 2023.

6. Upon filing the Petition, an Order for relief was entered in favor of the Debtor.

7. Pursuant to Article XIII, Section 13.2 of the Declaration, annually, the Association, acting through its elected Executive Board, is required to prepare and approve a budget for the Association's projected Common Expenses. (See, Exhibit "A").

8. In accordance with Article XIII, Section 13.3 of the Declaration, the Executive Board is required to assess owners of Units within the Condominium for a share of such common expenses based upon each Unit's "percentage interest." (See, Exhibit "A").

9. Furthermore, pursuant to Article XIII, Section 13.11 of the Declaration, "Each Unit Owner shall pay the General Common Expense and Limited Expenses assessed by the Executive Board pursuant to this Article XIII without abatement offset or deduction whatsoever." (See, Exhibit "A").

10. Section 13.11 of the Declaration also provides:

> All sums assessed by the Association as an annual or special assessment, together with interest and penalties as are provided herein shall constitute the personal liability of the Owner of the Unit so assessed and also shall, until fully paid, constitute a lien against such Unit pursuant to Section 3315 of the Act….

(See, Exhibit "A").

11. Article XIII, Section 13.12(a) of the Declaration provides in relevant part that:

> As provided above and in the Act, the Association shall have a lien on each Unit for any unpaid General Common Expense assessments and/or Limited Expense assessments, together with interest thereon, Reasonable attorney's fees and costs (including reasonable fees and costs in appellate proceedings) Incurred by the Association incident to the collection of any such Assessments or the enforcement of such lien, together with sums advanced or paid by the Association to preserve and protect its lien, shall be payable by the Unit Owner upon demand and shall be secured by such lien.

(See, Exhibit "A").

12. Consequently, pursuant to the Declaration and Section 3315(a) of the UCA, the Association has a statutory lien against the Unit for all assessments not paid by the Debtor.

13. Pursuant to Section 523(a)(16) of the Code, condominium association assessments which become due and payable after the Order for Relief are not dischargeable.

14. Pursuant to the Declaration and Section 3315 of the UCA, unpaid post-Petition assessments also constitute a lien against the Unit.

15. Consistent with its obligations under the Declaration, the Association's Bylaws, and Rules and Regulations, the Association provides "actual and necessary" services which preserve the value of the Unit.

16. Notwithstanding her obligations under the Declaration and the UCA, Debtor failed to transmit post-Petition assessment payments to the Association, which continue to accrue on a monthly basis, and has not provided for payment of the Association's pre-petition secured claim in her Chapter 13 Plan.

17. Section 362(d) of the Code provides, in pertinent part, as follows:

> On request of a party in interest after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

18. The Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) of the Code for cause, due to the

lack of adequate protection for the Association's lien against the Unit including unpaid post-Petition assessments.

19. Furthermore, the Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, because the Debtor made no provision for resolution of the Association's pre-Petition secured claim.

**WHEREFORE,** 315 Arch Street Condominium Association moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to 315 Arch Street Condominium Association with respect to the Unit;

B. Permitting 315 Arch Street Condominium Association to take such actions and seek such remedies with respect to the Unit as are permitted by state law;

C. Permitting 315 Arch Street Condominium Association to initiate *in personam* proceedings against the Debtor in state court to recover non-dischargeable post-Petition assessments; and

D. Granting such other and further relief as this Honorable Court deems just and proper.

GAWTHROP GREENWOOD PC

By:_____
Elliot H. Berton, Esquire
*Attorneys for 315 Arch Street Condominium Association*