**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER    13 |
| | : | |
| PAULA C. RUBINO | : | NO. 23-10534 AMC |

**STIPULATION RESOLVING 315 ARCH STREET CONDOMINIUM**
**ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW,** 315 Arch Street Condominium Association (the "Association"), and Paula C. Rubino (the "Debtor"), by and through their respective counsel, who state as follows:

A. The Association is a condominium association operating in accordance with a recorded Declaration and applicable law, which provides services to owners of units located within the condominium known as 315 Arch Street Condominium (the "Condominium").

B. The Debtor is the owner of a residential condominium Unit known as and located at 315 Arch Street, Apt. 306, Philadelphia, Pennsylvania 19106 (the "Unit").

C. The Unit is located within the Condominium and as such, the Debtor and the Unit are subject to the provisions of the recorded Declaration, as well as the Association's Bylaws, Rules and Regulations, and applicable law, including, without limitation, the Uniform Condominium Act.

D. Pursuant to the recorded Declaration and Section 3315 of the Uniform Condominium Act, the Association holds a lien against the Unit for all unpaid assessments, including general Common Expense assessments, special assessments, utility charges, duly imposed fines, late charges and interest on delinquent assessments, as well as court costs and reasonable attorneys' fees.

E. The Debtor filed a Petition under Chapter 13 of the Bankruptcy Code on February 24, 2023.

F. Pursuant to 11 U.S.C. §523(a)(16), post-Petition condominium association assessments are not subject to discharge.

G. On May 1, 2025, the Association filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)) (the "Motion"), asserting that the Debtor

failed to remit post-Petition assessment payments, and failed to file a Plan providing for the Association's pre-Petition secured claim.

       H.      The parties hereto desire to resolve the Motion and to provide adequate protection for the Association's lien against the Unit.

**NOW THEREFORE**, intending to be legally bound hereby, the parties hereto Stipulate and Agree as follows:

       1.      The Debtor acknowledges that, as of May 23, 2025, after application of recent payments, the post-Petition assessments are delinquent in the amount of $12,969.40 (the "Post-Petition Claim"), and that the Association holds a pre-Petition secured claim in the amount of $5,454.54 (the "Prepetition Claim").

       2.      There is no mortgage against the Unit and the Post-Petition Claim and Prepetition Claim are fully secured.

       3.      On or prior to June 1, 2025, and on or prior to the first day of each month thereafter, the Debtor shall remit Assessments, as that term is defined in Section 3315(a) of the Uniform Condominium Act, to the Association. As of the date hereof, Assessments are accruing at the rate of $410.41, comprising the monthly general common expense assessment ($275.44) and a monthly special assessment ($134.97), plus variable monthly utility fees (water-sewer and electricity charges). The Debtor acknowledges that Assessments may increase as a consequence of the Association's annual budget, adoption of additional special assessments, or any duly levied fines or charges.

       4.      The Association shall file a Proof of Claim for the Prepetition Claim promptly after approval of this Stipulation.

       5.      The Debtor shall promptly file an Amended Chapter 13 Plan providing for full payment of the Prepetition Claim.

       6.      After entry of an Order for discharge, the Debtor shall remit and promptly pay the Post-Petition Claim, together with any additional unpaid Assessments that may have accrued subsequent to the date of this Stipulation.

       7.      Debtor shall maintain insurance on the Unit in types and amounts sufficient to protect the Association's lien and pay any other obligation which may become a priority lien against the Unit.

8.  If Debtor remains in default from any provision of this Stipulation for a period of fifteen (15) days from the date of written notice transmitted to the Debtor at the Unit, with a copy to her attorney, Brad J. Sadek, Esquire at Sadek Law Offices, LLC, via electronic mail to Brad@sadeklaw.com and first-class mail to 1500 JFK Blvd. Suite 220, Philadelphia, Pennsylvania 19102, the Association may file a Certification of Counsel of Default whereupon an Order granting the Association relief from the automatic stay of 11 U.S.C. §362(a) shall be entered permitting the Association to enforce its lien against the Unit.

9.  This Stipulation may be executed in counterparts and via facsimile or other electronic transmission, each of which, when assembled and attached hereto, shall constitute one and the same agreement.

**IN WITNESS WHEREOF**, the parties hereto have authorized their respective attorneys to execute this Stipulation and submit same to the Bankruptcy Court for approval.

5/29/25
Date

SADEK LAW OFFICES, LLC

By: _____
Brad J. Sadek, Esquire
*Attorney for Paula C. Rubino*

GAWTHROP GREENWOOD, PC

By: _____
Elliot H. Berton, Esquire
*Attorneys for 315 Arch Street Condominium Association*

_____
Date

NO OBJECTION AND WITHOUT PREJUDICE TO ANY TRUSTEE RIGHTS OR REMEDIES.

ANN SWARTZ, TRUSTEE

By: /s/ Ann Swartz
_____
Date

3